IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARIDAN STILES, et al., | No. 2:14-CV-1637-JAM-CMK |
| Plaintiffs, | |
| vs. | ORDER |
| WAL MART STORES, INC., et al., | |
| Defendants. | |
| _____/ | |

       Plaintiff, who is proceeding pro se, brings this civil action. Defendants Wal Mart Stores, Inc., American International Industries, Inc., and Coty, Inc., have filed motions to dismiss (Docs. 25 and 26), currently set for hearing on October 8, 2014. Defendant Pacific World Corporation has filed an answer to complaint as well as a motion for judgment on the pleadings (Doc. 30), currently set for hearing on October 22, 2014. Also before the court are the following motions/requests filed by plaintiff: (1) motion for appointment of counsel (Doc. 6); (2) request for voluntary dismissal of defendants Coty, Inc., and Pacific World Corporation (Doc. 28); (3) plaintiff's motion to consolidate hearings (Doc. 28); and (4) plaintiff's motion for leave to amend (Doc. 28).

/ / /

1  Turning first to plaintiff's request for voluntary dismissal, plaintiff states: "In
2  good faith I will: Dismiss all complaints against Coty Inc. & Pacific World Corporation without
3  prejudice."  As to defendant Coty, Inc., who has filed neither an answer nor motion for summary
4  judgment, leave of court is not required and the action is dismissed without prejudice as against
5  such defendant on plaintiff's notice.  See Fed. R. Civ. P. 41(a)(1)(A)(I).  As to defendant Pacific
6  World Corporation, who has filed an answer to complaint, plaintiff's request will be granted for
7  good cause shown and the action will be dismissed without prejudice as against such defendant.
8  See Fed. R. Civ. P. 41(a)(2).

9  Next, plaintiff requests that the hearings on defendants' various motions be
10 consolidated to a single hearing date.  Given the voluntary dismissal from this action of
11 defendants Coty, Inc., and Pacific World Corporation, their respective motions are moot.  Thus,
12 the only hearing date remaining is the October 8, 2014, date on the remaining defendants' motion
13 to dismiss, rendering plaintiff's request to consolidate hearing dates also moot.

14 Next, plaintiff appears to seek leave to amend the complaint.  It is not clear
15 whether plaintiff seeks to add new allegations or to simply remove referenced to the voluntarily
16 dismissed defendants, or both.  To accomplish the latter, leave to amend would be unnecessary.
17 To accomplish the former, plaintiff would be required to submit a proposed amended complaint
18 and to set the matter for hearing, neither of which plaintiff did.  Rather, plaintiff filed a new
19 action in this court (Stiles v. Wal Mart Stores, Inc., et al., E. Dist. Cal. case no. 2:14-CV-2234-
20 GEB-CMK), naming only Wal Mart Stores, Inc., and American International Industries, Inc., and
21 appearing to set for the same facts and claims.[1]  Given the lack of clarity in plaintiff's apparent
22 request for leave to amend filed in this case, and in light of the filing of the second action, the
23 request will be denied at this time.
24 / / /

---

[1] Plaintiff has paid the filing fees in the second action, which is set for an initial scheduling conference on February 4, 2015.

Finally, plaintiff seeks appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent plaintiffs in civil actions. See e.g. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id.

In this case, plaintiff has demonstrated a satisfactory ability to articulate her claims. As to a likelihood of success on the merits, the court notes that a motion to dismiss the action for failure to state a claim is currently pending. Until that motion is resolved, the court conclude that plaintiff has a likelihood of success on the merits. Plaintiff's motion for appointment of counsel will be denied at this time.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Coty, Inc., is voluntarily dismiss on plaintiff's notice (Doc. 28);

2. Plaintiff's request for voluntary dismissal (Doc. 28) of defendant Pacific World Corporation is granted;

3. The Clerk of the Court is directed to update the docket to terminate Coty, Inc., and Pacific World Corporation as defendants to this action, which proceeds against defendants Wal Mart Stores, Inc., and American International Industries, Inc., only;

4. The motions filed by Coty, Inc., and Pacific World Corporation (Docs. 26 and 30) are moot and the Clerk of the Court is directed to terminate these matters as pending motions;

/ / /

        5.       Plaintiff's request to consolidate hearing dates (Doc. 28) is denied as moot;

        6.       Plaintiff's motion for leave to amend (Doc. 28) is denied; and

        7.       Plaintiff's motion for appointment of counsel (Doc. 6) is denied.

DATED: October 7, 2014

                                              **CRAIG M. KELLISON**
                                              UNITED STATES MAGISTRATE JUDGE