1

2

3

4

5

6

7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    SHARIDAN STILES, et al.,                    No. 2:14-CV-1637-JAM-CMK

12               Plaintiffs,

13        vs.                                      <u>ORDER</u>

14    WAL MART STORES, INC., et al.,

15               Defendants.

16    _____/

17          Plaintiff, who is proceeding pro se, brings this civil action.  Pending before the

18    court is defendants' motion to dismiss (Doc. 25).  The parties appeared before the undersigned in

19    Redding, California, on October 8, 2014, at 10:00 a.m.  Plaintiff appeared pro se.  Mark Kremer,

20    Esq., appeared for defendants.

21          Good cause appearing therefor, the court will allow the parties to submit

22    supplemental briefing.  Specifically, plaintiff may submit a supplemental opposition to

23    defendants' motion addressing how the amended complaint pleads facts sufficient to state claims

24    under each of her asserted federal legal theories, or how such facts could be pleaded by further

25    amending the complaint.  Plaintiff's amended complaint asserts the following federal claims:

26    (1) Lanham Act violations; (2) trademark infringement; and (3) anti-trust violations.  In her

1 supplemental opposition, plaintiff should address what factual allegations have been made, or

2 can be made in amendment, that address each element of each of these theories.  In an effort to

3 focus plaintiff's supplemental briefing, the court will below outline each legal theory set forth by

4 plaintiff.

5        Lanham Act – Under § 43(a) of the Lanham Act, a plaintiff may recover under

6 two bases of liability – false association through the wrongful use of another's distinctive word,

7 term, name, symbol, or device, § 43(a)(1)(A), and false advertising, § 43(a)(1)(B).  See Waits v.

8 Frito-Lay, Inc., 978 F.2d 1093, 1108 (9th Cir. 1992).  Plaintiff does not specify which theory she

9 is pursuing.  A claim of false association includes the following elements: (1) the defendant uses

10 a word, term, name, symbol, or device, or any combination thereof, (2) on or in connection with

11 goods or services, (3) in a manner that is likely to cause confusion as to source, sponsorship, or

12 association.  See 15 U.S.C. § 1125(a)(1)(A).  A claim of false advertising includes the following

13 elements: (1) the defendant made false statements of fact about its own product in

14 advertisements, (2) which actually deceived or have the tendency to deceive a substantial

15 segment of their audience, (3) such deception being likely to influence the purchasing decision,

16 (4) the defendant caused its falsely advertised product to enter interstate commerce, and (5) the

17 plaintiff has been or is likely to be injured by diversion of sales to defendant or by harm to its

18 goodwill.  See 15 U.S.C. § 1125(a)(1)(B); see also Cook, Perkiss & Liehe, Inc. v. Norther

19 California Collection Service, Inc., 911 F.2d 242 (9th Cir. 1990).

20        Trademark Infringement – To state a claim for trademark infringement, plaintiff

21 must allege: (1) she owns a valid trademark, (2) which is registered with the United States Patent

22 and Trademark Office ("USPTO"), and (3) the defendant has used a confusingly similar mark in

23 commerce.  See 15 U.S.C. § 1114.

24 / / /

25 / / /

26 / / /

1    Anti-Trust Claims – Plaintiff alleges violations of both the Sherman Act, 15

2  U.S.C. § 1, and the Clayton Act, 15 U.S.C. § 14.  A violation of the Sherman Act requires the

3  following elements: (1) the existence of a contract, combination, or conspiracy, (2) that

4  unreasonably restrains trade, and (3) affects interstate or foreign commerce.  See 15 U.S.C. § 1.

5  Independent action by a single entity cannot give rise to a Sherman Act violation.  See

6  Copperworld Corp. v. Independent Tube Corp., 467 U.S. 752 (1984).  Under the Clayton Act, it

7  is unlawful to engage in exclusive dealing where the effect may be to substantially lessen

8  competition or create a monopoly.  See 15 U.S.C. § 14. Exclusive dealing involves ". . .an

9  agreement between a vendor and a buyer that prevents the buyer from purchasing a given good

10  from any other vendor."  See Allied Orthopedic Appliances, Inc. v. Tyco Health Care Grp., LP,

11  592 F.3d 991, 996 (9th Cir. 2010).

12    Accordingly, IT IS HEREBY ORDERED that:

13    1.    Plaintiff may file a supplemental opposition to defendants' motion within

14  30 days of the date of this order;

15    2.    Defendants may file a supplemental reply within 10 days after service of

16  plaintiff's supplemental opposition, if any;

17    3.    Upon completion of supplemental briefing, or expiration of the time to file

18  supplemental briefing, the matter will stand submitted without further oral argument; and

19    4.    The scheduling conference set in this matter for November 19, 2014, at

20  10:00 a.m. is vacated pending final resolution of defendants' motion to dismiss.

21

22   DATED:  October 10, 2014

23

24   **CRAIG M. KELLISON**
     UNITED STATES MAGISTRATE JUDGE

25

26